{¶ 28} I concur in the opinion and the judgment. I write separately to emphasize that it is squarely within this court's discretion to notice and pass upon the trial court's error in failing to merge the kidnapping convictions with the aggravated robbery convictions. Such discretion, to notice and pass upon an error not assigned or argued, derives from App.R. 12(A). Hunglerv. Cincinnati (1986), 25 Ohio St.3d 338, 341, 25 OBR 392,496 N.E.2d 912; C. Miller Chevrolet v. Willoughby Hills (1974),38 Ohio St.2d 298, 301, 67 O.O.2d 358, 313 N.E.2d 400.
 {¶ 29} It is not inappropriate for us to utilize such discretion in this case, even though appellant made only a passing mention of the merger issue on appeal, since he did raise the issue below, as noted, supra, at ¶ 17-18, and the issue was clearly recognized by the state and developed in its brief. Moreover, there is sufficient basis in the record upon which we can make a decision with respect to the error. See Hungler,
supra, at 342.